# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BULLION MONARCH MINING, INC., ) | Case No. 3:09-cv-00612-MMD-WGC |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| vs. ) | |
| ) | February 16, 2017 |
| BARRICK GOLDSTRIKE MINES, INC., ) | |
| Defendant. ) | |

**PRESENT:** <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

**DEPUTY CLERK:** <u>  Katie Lynn Ogden  </u>  **REPORTER:** <u>          FTR          </u>

**COUNSEL FOR PLAINTIFF:** <u> Clayton Brust and Daniel Polsenberg (Present) </u>

**COUNSEL FOR DEFENDANT:** <u>  Michael Petrogeorge (Present)  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:01 a.m. Court convenes.

The court holds today's conference to address plaintiff Bullion Monarch Mining, Inc.'s ("Bullion") Motion to Compel Discovery (ECF No. 230). Defendant Barrick Goldstrike Mines, Inc. ("Goldstrike") submitted its response at ECF No. 248 and Bullion replied at ECF No. 249.

The court summarizes the status of the case. Counsel are advised that the motion to compel is largely dependant on what occurred before Magistrate Judge Valerie P. Cooke in 2010 when she was the assigned Magistrate Judge.

The court addresses with counsel the order of Magistrate Judge Cooke entered on May 27, 2010 (ECF No. 32), relative to the parties' case management reports (Bullion, ECF No. 31 and Goldstrike, ECF No. 30). The court notes that it appears the parties advised Judge Cooke that discovery closed as of May 25, 2010, but that certain additional discovery to which the parties agreed would be taken within a limited period of time.

The court examines counsel about counsels' recommendations to Judge Cooke deferring additional discovery on matters related to Bullion's expert witness reports. The court recites excerpts from the transcript of Judge Cooke's case management conference, which the court

Minutes of Proceedings
3:16-cv-00398-MMD-WGC
February 16, 2017
_____

notes was attached to Goldstrike's response as Exhibit J, ECF No. 248-10.  The court quoted language from the transcript where the court confirmed that the parties jointly proposed holding "in abeyance supplemental expert witness reports and so forth until after the district court determines whether an accounting will be had or not."

The court further reviews the determination by Judge Cooke that the court, "having heard from the parties, concurs with the parties that supplemental expert discovery, by way of supplementing report and potentially depositions, shall be deferred until such time as the District Court either denies the accounting claim in a summary judgment motion, or order an accounting at trial.  And at that time that is when the court feels it would be appropriate to reopen expert discovery for the limited purpose of determining what computations and calculation would be appropriate for the experts to testify" (ECF No. 248, Exhibit J, pgs. 18-19).

The court hears argument from counsel whether Judge Cooke's staying damage-type discovery might have constituted a *de facto* bifurcation of liability and damages.

After hearing from counsel, it is the court's position that the law of the case as entered by Judge Cooke is that discovery is stayed.  The court is therefore not inclined to reverse what was the joint recommendation of the parties in May of 2010 and the decision of Judge Cooke.

Bullion's motion to compel (ECF No. 230) is **DENIED**.

The court next rules on Bullion's request in its reply memorandum that this court should lift the stay on damage discovery (ECF No. 249 at 2).  The court denies without prejudice Bullion's attempt in the reply memorandum to have the court reopen damage discovery.  Bullion's request to have the court re-open discovery should be made in a separate motion and not part of a reply memorandum.

Although the request to re-open discovery was denied without prejudice, the court suggests that such a motion should await Judge Du's ruling on Goldstrike's motion for leave to file a motion for summary judgment on the issue of ambiguity (ECF No. 229).  However, if Bullion does properly pursue a motion to re-open discovery, Bullion should take effort to comply with LR 26-4, particularly subsections (b) - a description of the discovery that remains to be completed, and (d) -  a proposed schedule for completing all remaining discovery.

The court further suggested to the parties that if Judge Du denies any further motions for summary judgment whether Judge Du wants this case to proceed in a bifurcated fashion or whether the court will proceed to trial on both liability and damages.

Minutes of Proceedings
3:16-cv-00398-MMD-WGC
February 16, 2017

    There being no additional matters to address at this time, court adjourns at 11:27 a.m.

                              DEBRA K. KEMPI, CLERK OF COURT

                          By: _____/s/_____
                                Katie Lynn Ogden, Deputy Clerk