UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BULLION MONARCH MINING, INC.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>BARRICK GOLDSTRIKE MINES INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:09-cv-00612-MMD-WGC<br><br>ORDER |

## I.　SUMMARY

Before the Court is Barrick Goldstrike Mines Inc.'s ("Goldstrike") Motion for Leave to File Motion for Summary Judgment Based on Finding of Ambiguity and Stay Deadline for Submission of Pretrial Order ("Barrick's Motion") (ECF No. 229) and Bullion Monarch Mining, Inc.'s ("Bullion") Motion to Seal and Leave to Redact its opposition/response to Barrick's Motion ("Bullion's Motion) (ECF No. 234). The Court has reviewed Bullion's response to Barrick's Motion (ECF No. 233), Barrick's non-opposition to Bullion's Motion (ECF No. 238), and Barrick's reply in support of their Motion (ECF No. 241).

For the reasons discussed below, Barrick's Motion is denied and Bullion's Motion is granted.

## II.　BACKGROUND

This case concerns whether Barrick owes Bullion mineral royalty payments pursuant to an area-of-interest provision contained in a 1979 agreement. The Court's previous order provides a more detailed summary of the facts. (*See* ECF No. 224 at 2-5.)

The deadline for dispositive motions in this case was originally set for August 13, 2010. (ECF No. 32.) After the Ninth Circuit's opinion remanding and reversing this Court's prior judgment was issued on April 24, 2015 (ECF No. 134), this Court allowed for renewed summary judgment motions to be filed no later than September 22, 2015. (ECF No. 151.)

On September 30, 2016, this Court issued its Order on the parties' cross-motions for summary judgment. (ECF No. 224.) The Court denied the parties' motions, finding in part that "Paragraph 11 of the 1979 Agreement is ambiguous with respect to the content of the royalty obligation" and that "whether the language of the contract as a whole created a covenant that ran with the land, a personal covenant, or no covenant at all are issues that must be deferred to the trier of fact to resolve." (*Id.* at 14-15.) Barrick now requests that they be permitted to file a motion for summary judgment because the ambiguity identified by this Court in the 1979 Agreement "is fatal to Bullion's claims." (ECF No. 229 at 2.) In turn, they also request that "[i]f the motion for leave is granted . . . then the deadline for submission of the pretrial order should be stayed, and no trial should be scheduled, until [Barrick's] proposed motion has been fully briefed, argued and decided." (ECF No 229 at 3.)

**III. BARRICK'S MOTION FOR LEAVE TO FILE (ECF No. 229)**

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where a party seeks summary judgment briefing after the deadline for dispositive motions has passed, the onus is on the party moving for supplemental briefing to demonstrate diligence. "If that party was not diligent, the inquiry should end." *Id.*

Barrick has failed to demonstrate good cause. The Court agrees with Bullion that Barrick could have raised the argument that there is no extrinsic evidence available to resolve the ambiguity in its prior motion for summary judgment (*see* ECF No. 234-1 at 3-

2

4). Moreover, Barrick contends that a trial would be pointless because "no documents were produced relevant to the parties' intent with respect to the ambiguous term, and there are no witnesses with the ability to testify on such matters." (ECF No. 229 at 2.) However, in determining the parties' intent, "the trier of fact must construe the contract as a whole, including consideration of the contract's subject matter and objective, the circumstances of its drafting and execution, and *the parties' subsequent conduct.*" *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004) (emphasis added). On the prior motions for summary judgment, both the admissible evidence presented and the undisputed facts agreed upon by the parties described the parties' and their purported assignees' subsequent conduct in relation to the land and the royalty obligation, which the trier of fact may use in addition to the other factors identified in *Ringle*. Thus, even disregarding Barrick's lack of diligence, its motion also lacks merit; an absence of documents or witnesses present at the time the contract was negotiated and executed is not the only form of extrinsic evidence a jury may consider.

Therefore, the Court denies Barrick's request for leave to file a motion for summary judgment and denies its request to stay the deadline of submission of the pretrial order as moot.

**IV. BULLION'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Bullion asks that it be permitted to file under seal the unredacted version of its opposition to Barrick's Motion and to redact confidential matter that Bullion cites to in its opposition brief. (ECF No. 234 at 1-2.) Specifically, Bullion's opposition brief cites to their response (ECF No. 184) to Barrick's summary judgment motion (ECF No. 160), both of which are sealed.[1] The Court agrees that Bullion has demonstrated compelling reason to support its request and will grant Bullion's Motion.

---

[1] Bullion notes that Barrick's prior summary judgment motion (ECF No. 160) cites to a merger agreement (ECF No. 162-31), which Barrick purportedly designated as confidential. (ECF No. 234 at 2.) However, this merger agreement is not sealed at the cited electronic filing number (*see* ECF No. 162-31). The relevant information from the merger agreement cited by Barrick was initially sealed (ECF No. 52-24) when Barrick filed its motion for summary judgment (ECF No. 50) prior to the Ninth Circuit's remand order.

3

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendant Barrick's Motion for Leave to File Motion for Summary Judgment Based on Finding of Ambiguity and Stay Deadline for Submission of Pretrial Order (ECF No. 229) is denied.

It is therefore ordered that Plaintiff Bullion's Motion to Seal and Leave to Redact its opposition/response to Barrick's Motion (ECF No. 234) is granted.

DATED THIS 5th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE