# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BULLION MONARCH MINING, INC., | 3:09-cv-00612-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF Nos. 260, 263, 264 |
| BARRICK GOLDSTRICK MINES, INC., | |
| Defendant. | |

On September 8, 2017, Barrick Goldstrike Mines Inc. (Goldstrike) filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that it and Bullion Monarch Mining, Inc. (Bullion) were citizens of the same state (Utah) when this case was initiated against Goldstrike in 2009. (ECF No. 260.) On September 22, 2017, the parties filed a stipulation and proposed order to extend the deadline to respond to the motion to dismiss so that Bullion could make a motion for discovery on the jurisdictional issues raised in the motion. (ECF No. 261.) District Judge Du approved the stipulation and entered an order extending the deadline to respond to the motion until September 29, 2017. (ECF No. 262.)

On September 29, 2017, Bullion filed its Motion for Jurisdictional Discovery. (ECF No. 263.) That same day, the parties filed a joint motion: (1) to stay proceeding pending resolution of Goldstrike's motion to dismiss; (2) to suspend briefing on the motion to dismiss pending resolution of Bullion's motion for jurisdictional discovery and the completion of such discovery; (3) to set the discovery period to run ninety days from an order on Bullion's motion for jurisdictional discovery, with a status check set for 60 days from that order; and (4) for an order setting the briefing schedule on the motion to dismiss giving Bullion 30 days after the close of (jurisdictional) discovery to file its response and giving Goldstrike 21 days thereafter to submit its reply. (ECF No. 264.) Goldstrike has since filed its response

to the motion for jurisdictional discovery (ECF No. 265), and Bullion filed its reply (ECF No. 266).

The parties agree that jurisdictional discovery may be taken and that it should take place for ninety days from the date of the court's order on this motion, with a status check in sixty days, but disagree as to the scope of such discovery. Goldstrike wants to limit discovery initially to one Rule 30(b)(6) deposition, ten interrogatories and ten requests for production, and then determine whether additional discovery is warranted. Bullion, on the other hand, wants to depose Mr. Haddock as well as those listed in his affidavit, and propound written discovery (interrogatories, document requests and requests for admission) to determine where Goldstrike's "nerve center" under *Hertz Corp. v. Friend,* 559 U.S. 77 (2010).

The court agrees that good cause exists to re-open discovery, limited to jurisdictional discovery, under Federal Rule of Civil Procedure 16(b)(4), in order to determine whether the court has subject matter jurisdiction over Goldstrike under the "nerve center" test enunciated by the Supreme Court in *Hertz*. The court likewise agrees with the parties' determination regarding a time-period of ninety days for jurisdictional discovery. The court has broad discretion to permit or deny jurisdictional discovery. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1083 (9th Cir. 2003). Given that this case was filed in 2009, and that the parties have agreed to a jurisdictional discovery period of ninety days, the court will set parameters on the jurisdictional discovery to be taken by Bullion. Bullion will be allowed to take one Rule 30(b)(6) deposition, as well as the depositions of two officers. It will be permitted to propound written discovery including ten interrogatories, ten requests for production, and ten requests for admission, which may include *reasonable* and *discreet* subparts. The court will deny the motion to dismiss without prejudice, and will endeavor to set a status conference approximately forty-five days from the date of this Order. At that time, the court expects Bullion to be able to discuss whether it anticipates the discovery permitted is sufficient to proceed with re-filing its motion to dismiss upon completion of the ninety-day period. Briefing on the newly filed motion to dismiss is discussed in further detail below.

///

///

///

**CONCLUSION**

(1) Bullion's Motion for Jurisdictional Discovery (ECF No. 263) is **GRANTED** insofar as discovery is re-opened for a period of **ninety (90) days** from the date of this Order for the purpose of conducting jurisdictional discovery, which is initially limited to the following: (a) one Rule 30(b)(6) deposition; (b) the depositions of two other officers; (c) ten interrogatories; (d) ten requests for production of documents; and (e) ten requests for admission; the written discovery may include reasonable and discreet subparts;

(2) The court will endeavor to schedule a status conference **forty-five days** from the date of this Order;

(3) The Motion to Dismiss (ECF No. 260) is **DENIED WITHOUT PREJUDICE**, and may be re-filed by Bullion upon the completion of jurisdictional discovery;

(4) The parties' joint motion (ECF No. 264) is **GRANTED IN PART AND DENIED IN PART** as follows:

(a) as indicated above, the jurisdictional discovery period will run for ninety-days, commencing on the date of this Order, with a status check in approximately forty-five days;

(b) the motion to dismiss has been denied without prejudice, to be re-filed by Bullion upon the completion of discovery (i.e., on the ninety-first day following this Order unless the court has extended jurisdictional discovery);

(c) once the motion to dismiss is re-filed, briefing will proceed according to Local Rule 7-2(b), i.e., the response is due fourteen days after the motion is filed, with a reply due seven days after service of the response;

(d) any remaining scheduling order deadlines that remain pending are vacated and will be re-set following a determination on the re-filed motion to dismiss.

**IT IS SO ORDERED.**

DATED: October 27, 2017.

*/s/ William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE